FILED
IN CLERKS OFFICE
# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS PM 3 59

U.S. DISTRICT COURT
DISTRICT OF

**MICHAEL  D.  ARRINGTON**                                    **CIVIL  ACTION**

                                                             NO._____

                    **PLAINTIFF(S)**

**VS.**                                                       **COMPLAINT**

                                                             **JURY  TRIAL  DEMANED**


**MIAMI- DADE COUNTY PUBLIC SCHOOL DISTRICT
ALBERTO CARVALHO , individually and in his official  capacity as
Superintendant and /or Director of Schools  GEORGE T. BAKER  AVIATION
SCHOOL,  SEAN GALLAGAN, individually and in his official capacity as
PRINCIAL, GEORGE W. SANDS individually  and  in  his  official  capacity as
ASSIATANT PRINCIPAL, ROBERT MORALES  individually  and  in  his
official capacity ASSISTANT PRINCIPAL, PAMELA JOHNSON individually
and in her official  capacity as SCHOOL DISTRICT SUPERVISOR,
CLAUDIA MC EVOY  individually  and  in  her  official capacity as
FINANCIAL AID OFFICER, IDA SIGILLO individually and in her official
capacity as STUDENT'S COUNSELOR, ALBERTO FLORES individually in
his official capacity as INSTRUCTOR , CHARLES SMITH individually and
in his official capacity as  INSTRUCTOR, and  BOARD  OF  EDUCATION**


                    **DEFENDANT(S)**


 COMES NOW  Plaintiff Pro se Michael D.  Arrington  complaining of   Defendants,

alleges  as  follows:

1

## I.  INTRODUCTION

1.    Defendants MIAMI-DADE COUNTY PUBLIC SCHOOL DISTRICT, ALBERTO  CARVALHO as its SUPERINTENDENT and/or DIRECTOR OF SCHOOLS, GEORGE T. BAKER AVIATION SCHOOL, SEAN  GALLAGAN as its PRINCIAL, GEORGE W. SANDS as its ASSISTANT PRINCIAL, ROBERT MORALE is its ASSISTANT PRINCIAL, PAMELA JOHNSON as its DISTICT SUPERVISOR, CLAUDIA MC EVOY as it FINANCIAL AID OFFICER, IDA SIGILLO as it  STUDENT COUNSELOR, ALBERTO FLORES as it INSTRUCTOR, CHARLES SMITH as it  INSTRUCTOR and BOARD OF EDUCATION have  individually and in concert violated  Michael D. Arrington's constitutional rights  pursuant to  42 U.S.C.S. 1983  as protected by the Fourteenth Amendment to the Constitution of the United States of America, as well as Title VI. of the Civil Rights Act of 1964, U.S.C. 2000(d).

2.    To  be more specific this lawsuit is brought against  the Defendants for a declaratory judgment and monetary damage.     The  gravamen  of  this lawsuit is that the Defendants have failed to take reasonably adequate actions to correct a hostile education environment, characterized by pervasive and severe racial harassment, and disparate treatment of  Michael D. Arrington African American Student.   These acts and  omissions by the District and individuals under its control have caused  Plaintiff be subjected to discrimination and harassment and denied the full benefit of  educational program receiving  federal financial assistance in violation  of Title VI of the Civil Rights Act of  1964  42 U.S.C.

2000(d) and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution . The District has breached it's common law and statutory duties to protect Michael D. Arrington from intimidation, harassment, retaliation and discrimination by peers and agents.    Remedies are also sought against District and it's agents for violating the rights afforded all citizens under the Florida State Constitution and state common law causes of action.

3.   This action for racial discrimination in public education is also brought pursuant to the  Civil Right Act of 1871, 42 U.S.C. 1983, for the unlawful deprivation of rights and privileges and immunities of Plaintiff under the Federal Constitution and Federal Laws.

## II. JURISDICTION

4.   The Plaintiff bring this action against District and  it's officers and employees in accordance with Federal Law and State Law.

5.   The Court has jurisdiction over this matter under 28 U.S.C. 1332.

6.   With respect to the state law claim asserted herein, the Court's jurisdiction is invoked pursuant to 28 USC. 1332.

7.   The Plaintiff's have utilized administrative remedies pursuant to Florida Statute 768.28(b), further attempts at administrative remedies would be futile and exhaustion of administrative remedies is not required for actions brought under 42 U.S.C. 1983.

8.   The principal place of business of  Defendant  Miami-Dade County
Public School District  and  Board of Education  are  a  government entity  and  does
business  at  1450 N.E. 2nd Avenue, City of  Miami,  County of  Dade, State of
Florida, 33132 and  therefore  venue   properly  lies  in  the  United  States  District
Court  of  Massachusetts  pursuant   to  U.S.C 1332.

### III. PARTIES

9.   Plaintiff  Michael  D.  Arrington  is  an  African-American  citizen  residing  in
Suffolk  County  and  more  particularly  at  17th Court  Street, Boston, Massachusetts
02108.


10.  Defendant  MIAMI-DADE COUNTY  PUBLIC  SCHOOLS  DISTRICT  is  a
governmental  agency  duly  authorized  under  the  statutes  of  the  State  of  Florida to
provide  public  education  through  its  various  district  schools ( e.g. George T. Baker
Aviation  School).

11.   Defendant, ALBERTO CARVALHO  is  the  superintendent  and/ or  Director  of
Miami-Dade  County  Public  Schools  District.   As  superintendent  Alberto  Carvalho
was/ is  an  official  policymaker  for  the  Miami-Dade  County  Public  Schools  District
and  he  possesses  a  duty  to  ensure  that  African  Americans  are  not  subject  to
racially  hostile  environment  in  his District.  Alberto  Carvalho  also  possesses  a
supervising  duty   to  properly  supervise  employees, to  discipline  and  prevent
unconstitutional  acts  to  take  appropriate  remedial  action  and  to  make  appropriate
hiring  decisions  to  prevent  a  racially  hostile  educational  environment  in  his

4

District.   Despite specific and repeated notice that a racially hostile education environment existed with the District and for which the Plaintiffs' constitutional rights were being violated, Alberto Carvalho, failed to take appropriate actions to remedy this problem.

12.   Defendant, GEORGE T. BAKER AVIATION SCHOOL, is division of Miami-Dade County Public Schools District.

13.   Defendant , SEAN GALLAGAN, was the Principal of George T. Baker Aviation School.   He bore a duty to properly supervise employees, to discipline and correct unconstitutional acts, to take appropriate remedial action to prevent unconstitutional acts and make hiring decisions to help avoid a racially hostile education environment.  Sean Gallagan also received notice that racial hostility existed within the school and she failed to take appropriate action to prevent the racially hostile education environment.   Sean Gallagan also directly participated in conduct which subjected the Plaintiff to racial hostility and discrimination.

14.   Defendant, GEORGE W. SANDS, is the Assistant Principal of George T. Baker Aviation School.  He bore a duly to properly supervise employees, to discipline and correct unconstitutional acts, to take appropriate remedial action to prevent unconstitutional acts, and to make decision to help avoid a racially hostile educational environment.   George W. Sands received notice that racial hostility existed within the school and he failed to take appropriate action to prevent the racially hostile education environment.  George W. Sands also directly participated

in   conduct which subjected the   Plaintiff to racial hostile and   discrimination.

15. Defendant, ROBERT MORALES is the Assistant Principle of  George T. Baker  Aviation School.  He bore a duty to properly supervise employees, to discipline and correct unconstitutional acts, to take appropriate remedial action to prevent unconstitutional acts, and to make decision to help avoid a racially hostile educational environment.  Robert Morales  received notice that racial hostility existed within the school and he failed to take  appropriate action to the racially hostile education environment.   Robert Morales  also directly participated in conduct which subjected the  Plaintiff to racial hostile and  discrimination.

16. Defendant, PAMELA JOHNSON is the District Area Supervisor of Miami-Dade County Public School District and George T. Baker  Aviation School Site Supervisor. She  bore a duty  to properly supervise employees, to disciple, report behavior  to superior and  correct  unconstitutional acts, to take appropriate remedial action to  prevent unconditional acts, and  to  make decision to help avoid a racially hostile educational environment.   Pamela  Johnson received notice that racial hostility existed within the school and failed to take appropriate action to the racially hostile education environment.  Pamela  Johnson also directly participated in conduct which subjected the  Plaintiff to racial hostile and discrimination.

17. Defendant, BOARD OF EDUCATION is the elected  governing body duly authorized under the statutes  of  the State of Florida to provide public education

through its entity the Miami-Dade County Public Schools District.

18.  Defendant, CLAUDIA MC EVOY is the Financial Aid Officer of George T. Baker Aviation School.  She bore a duty to administer federal, state institutional and private funds.  Claudia Mc Evoy failed to award financial assistance to Plaintiff as defined by criteria established by the funding source.  Claudia Mc Evoy also directly participated in conduct which subjected the Plaintiff to racial hostile and discrimination.

19.  Defendant, IDA SIGILLO is the Student's Counselor of George T. Baker Aviation School.  She bore a duty to advise and place Plaintiff in the correct class according to the avionic curriculum, review and initial all approved coarse selected by the Plaintiff.  Ida Sigillo deliberately provided inadequate advisement to Plaintiff by selecting ,initial and approving the wrong class.  Ida Sigillo also directly participated in the conduct that subjected the Plaintiff to racial hostile and discrimination.

20.  Defendant `ALBERTO FLORES is an Avionic Instructor of George T. Baker Aviation School. He bore a duty to deliver effective and efficient training covering aircraft avionic systems, electrical instrument, radio and radar, including workshop and flight line practice to meet the customer needs.  Alberto Flores failed to provide quality training to Plaintiff by subjecting plaintiff to bias, prejudice and ignoring the avionic curriculum and deliberately placed Plaintiff in

the incorrect class.   Alberto Flores also directly participated in the conduct that subjected the Plaintiff to racial hostile and discrimination.

21.   Defendant CHARLES SMITH is an  Avionic Instructor of  George T. Baker Aviation School.   He bore a duty to provide a  classroom  learning environment free from harassment of any kind.   Charles Smith  failed to create classroom climate that was safe.   Charles Smith also directly participated in the conduct that subjected the  Plaintiff to racial hostile and discrimination.

## IV. FACTURAL ALLEGATIONS BACKGROUND

22.  This claim arises  from unlawful and pervasive discrimination against the Plaintiff who is  African American and  military veteran suffering from PTSD, in Miami- Dade County Public Schools District.    This discrimination has  occurred from  April of  2011  until  August of  2012  in  various forms.    The District and it's individual Defendants had knowledge of and failed to correct a pervasive atmosphere of overt and insidious racial hostility.

23.  On or about  April 25th, 2011 (Year-Team 2010-3)  Plaintiff enrolled full-time in the (Avionic Technician Program)  at George T. Baker Aviation School.  Plaintiff enrolled in the alternating current ( AC ) class and attended classes from 5:00 pm-7:30pm  and  8:00pm-10:30 Monday-Friday. See Attached Exhibit 1

24.  Defendant  Smith,  was  the  evening  avionic  instructor,  whenever  Plaintiff attended  class   Plaintiff  was  required  to  sign  a  (Sign  In  Sheet),  which indicated  the  date, time in  and  time out.

25.  Plaintiff  had  applied  for  a  (Pell-Grant)  and  received  a  (Tuition  Deferment) on  April 25th, 2011  authorizing  George  T. Baker  Aviation  Schools'  registration/ business  office  to  deduct  $804.00  from  Plaintiff  projected  ( Pell-Award).  See Attached  Exhibit 2

26.  May  of  2011  Plaintiff  received  a  copy  of  a  2010-2011  Institution  Student Information  Record  from  Defendant  Mc Evoy,  the   financial  aid  officer  stating that (Money Received/Paid  on  Your  Behalf  $5,500.  See Attached  Exhibit 3

27.  Plaintiff  entered  into  a  protected activity  under Title VI  retaliation   on  June 25th, 2011  when he  complained  to  Defendant  Mc Evoy , about  his  financial  aid award  refund  check  after, seeing  the  financial aid  award  refunds  list  posted  on  the board  in  alphabet order, and  other  non  African  American  students  telling  Plaintiff that  they  had  their  (Pell  Award)  checks

28.  Defendant  Mc Evoy  knew  or  should  have  that  the   withholding  of  funds  that were  allocated  to  Plaintiff  was  larcenous  and  when  performed  by state  actor  was in violation of  Plaintiff's  equal  protection  constitutional  rights.

29.  On  or  about  July  26th , 2011  Plaintiff  received  his  tuition  Deferment  for ( year

term 2011-1) from Defendant Mc Evoy, the Financial Aid Officer.   Plaintiff projected award was $2775.00.   Also, Plaintiff authorized the (Registration/Business Office) to deduct $ 966.00 for his tuition for his Pell award.   See Attached Exhibit 4

30.   Defendant Mc Evoy inconspicuously and deceitfully dated Plaintiff's Financial Aid Award Letter ( year-term 2010-2)   to confused Plaintiff and deliberately withheld Plaintiff Pell award in retaliation and race discrimination. See Attached Exhibit 5, 6

31 .On or about August 3rd , 2011 (Year-Term 2011-1)  Plaintiff registered full-time for alternating current (AC ) class and attended classes from 5:00pm-7:30pm and 8:00pm-10:30pm Monday – Friday.  Each day Plaintiff attended  class, Plaintiff was required to sign a (Sign In Sheet). See Attached Exhibit 7

32.  On or about  September 26th 2011, Plaintiff signed in for class at approximately 5:00pm at George T. Baker Aviation School alternating current (AC) class.  At approximately 7:30pm the class took a break until 8:00pm.
 Defendant Smith  the instructor was in the classroom when the class left for break.      Plaintiff left all of his belongings in the classroom in his carrying case including his keys to his cars, friend car keys and friend house's keys. Plaintiff went to the school media center  for approximately (20) twenty minutes and then stood on the school's balcony next door to the evening avionic class. Plaintiff observed a White Hispanic male with no  identification badge on coming out of

the avionic classroom.

33.   On that particular day  Plaintiff used public transportation so  after, class Plaintiff didn't check his  carrying case for his keys until he got home.

34.  On September 22nd, 2011 Plaintiff  for a second time  engaged in activity protected under  Title VI retaliation, specifically  when  Plaintiff discovered that his keys  were missing and contacted the Police  and  made  a (Police Report). See Attached as  Exhibit  8,9

35.  On or about  September 23rd , 2011  Plaintiff contacted  George  T. Baker Aviation  School's administration office/business  office inquiring  about if  anyone turned in  any keys.       Also,  Plaintiff contacted the  avionic day  class  which is the same classroom  as the  evening class.   Plaintiff was  told by Defendant Flores, the daytime  avionic instructor "  that no  one turned  in  any  keys".

George T. Baker Aviation  School Adult  Students Code  of Conduct states  in part:

Respect  for Person  and  Property

Philosophical  Basis


Student have an obligation to assume responsibility for  their own  action regarding respect for  other person and their properly.  The  school  must  provide a climate which  fosters  respect  for  person and property.


Rights:

Student have the right to be treated with courtesy and respect.

Students have the right to have their property respected by other students and school personnel.

Students have the right to expect safe condition at school.

Students have the right to not be subjected to harassment of any kind including sexual harassment.

36. Defendants Mc Evoy and Smith retaliated against Plaintiff because of Plaintiff involvement in activity protected under Title VI as shown by the Defendant conduct shortly after Plaintiff participation in the protected activity.

37. Plaintiff was being bullied and bulling may take many forms, including: teasing, excluding, threatening, hazing, damaging and stealing belongings.   This disturbed Plaintiff greatly.

38. On or about September 30th 2011 Plaintiff transferred to the daytime alternating current (AC) class full-time from 7:25 am-9:55am and 10:30-1:00pm Monday thru Friday. See Attached Exhibit 9

39.   After, Plaintiff transferred to the morning class Plaintiff was unable to sign the (Sign In Sheet).   Defendant Flores wouldn't allow Plaintiff to sign the (Sign In

Sheet), but told Plaintiff he marked him present each day Plaintiff attended class. Also, Plaintiff encountered discrimination and intimidation when he seen Defendant Flores on several occasion allowing others non- instructors to see his test papers after Mr. Flores graded them . Plaintiff has never observed Defendant Flores showing a non African American student grades to someone else.

.

40. Plaintiff attended George T. Baker Aviation School in 2008 and 2009.

41. George T. Baker Aviation School Adult Student's Code of Conduct states in part:

> Student Records
> Philosophical Basis

Student records are intended to provide information which can be used to develop the best possible educational program for each student. A well- develop record contains information useful for advisement, counseling, individual instructional program design recommendation for advanced study job placement and other information needed for making appropriate educational decisions. Care must be exercised by the school staff to assure that student records are treated confidentially and that information contained therein is relevant, accurate, and appropriate. Adult Centers are postsecondary institutions and therefore, all adults are eligible to discharge the rights detailed in the School Board Rule 6GX13-6B-1:07 Student Education Records.

Rights:

Student have the right to be protected by legal provision with prohibit the release of personally Identifiable Information to unauthorized person without the consent of the student.

42.   Defendant Flores and Mr. Mena were Plaintiff's instructors during that time and Plaintiff was required to sign the ( Sign In Sheet) . See Attached Exhibit 10,11 Plaintiff signed in and out for the morning and evening classes.

43.   Defendant Flores knew or should have known that as state actor acting under color of state law this violated Plaintiff's fourteenth amendment rights. Defendant Flores knew or should have known that these contradictory acts by state actor was retaliative and harassment in violation of Plaintiff's constitutional rights.

44.   Defendant George T. Baker Aviation School Adult Student's Code of Conduct states in part:

Reporting of Crime and /or Disruptive Behavior

It is important that all student understand that in addition to talking disciplinary action at the school level certain criminal and/or disruptive behavior must, by Board Rule, be reported to appropriate police authorities and to the Dade County Public Schools Police ( School Board Rule 6GX13-4A-21). The following incidents WILL BE reported. See Attached Exhibit 12

14. Theft- Taking properly belonging to another from another's possession, or from the possession of some person holding the property for another, without consent; with intent to deprive the owner of the value of the properly and to appropriate it for the use or benefit of the person taking property. See Attached Exhibit 13

45.   The representations and promise and conduct of Miami-Dade County School Board Non Discrimination Policy, Miami-Dade County Public Schools

District and George T. Baker Aviation School were sufficiently specific so that Plaintiff had a reasonable expectation that he would not encounter retaliation and discrimination.

46. Despite the implied contract between Plaintiff and Defendants George T. Baker Aviation School, Miami-Dade County Public Schools District and Board of Education, Plaintiff still encountered discrimination and retaliation in violation of the implied contract.

47. On or about December 13th ,2011 (Year Term 2011-1) Plaintiff completed his alternating current circuit (AC) class.

48.   Defendant George T. Baker Aviation School's (Avionic Curriculum ) states: See Attached Exhibit 15-21   Plaintiff should had been placed in ( Solid States Device) which is 100 class hours and less expensive.   Plaintiff next (3) three classes should have been digital circuit 190 class hours, microprocessor 185 class hours, analog circuit 375 class hours.

49. On or about December 13th , 2011 Plaintiff registered for (year term 2011-2) and was placed in the (Analog Circuit) class by his instructor Defendant Flores, and George T. Baker Aviation School Students' Counselor Defendant Sigillo deliberately because of Plaintiff protected activity under Title VI (complaint about his refund checks and police report for theft).   See Attached Exhibit 22

50. The (Analog Circuit) block states: In this block of instructions, we will apply the skills acquire in preceding area of study to Analog Circuits Laboratory projects require building circuits used in common electronic equipment, analyzing and testing circuit, and developing the skill to correct problems. See Attached Exhibit 19

51. George T. Baker Aviation School's Registration Information states:

All student are require to meet a counselor prior to registering for classes. During this session, the counselor will discuss program offerings academic advisement, and testing requirements.  The counselor will also assist the student with the completion of an education plan, the student registration/ intent form, and other registration forms.

The education plan will include the student's program area, list of required course, and an outline of courses recommended each trimester.  The student will be given a copy of the education plan.

The original will be filed in the counselor's office. The student must take the registration package to registrar at the time of registration.

The counselor will review and initial all approved course selected by the student each trimester students are required to complete one program taking course in another area. Exception will be made if the class needed is not available, students are expected to take the required course when it becomes available, other exception must be approved by an administrator. Student receiving Pell Grant must complete the selected program before taking classes in another program area. See Attached Exhibit 23

52. After Plaintiff informed his instructor Defendant Flores and the School Principal Defendant Galagan, of the problem with the (Analog Circuits) class and curriculum; they replied by stating that the "(Solid State Device) course was incorporated into the (Alternating Current Circuit) class" but, failed to provide any documentation and also, failed to explain the other (3) three course in the curriculum.     Such gaslighting perpetrated under state law violates all clauses of

section I of the fourteenth amendment.

53. Plaintiff noticed other non African American students who had just recently completed the (Alternating Current Circuit) class around the same time he completed the (Alternating Current Circuit) class with a different book than what he had.

54. Defendants Sigillo, Flores and Gallagan knew or should have known that disparate treatment under Title VI perpetrated by state actors violates Plaintiff's rights to Equal Protection under Fourteenth Amendment.

55. Defendants have discriminated against Plaintiff on the basis of his protected class by holding him to disparate treatment than other non-African American students.

56. The Defendants have no legitimate non-discriminatory justification for the action taken against Plaintiff and therefore Plaintiff was held to a different standard and subjected to disparate treatment due his race and color.

57. The Defendants have discriminated against Plaintiff on the basis of his protected class by holding him to disparate treatment than his classmate specifically on December 13th, 2011 when Plaintiff registered for (Year Term 2011-2) and placed in the (Analog Circuit) class. See Attached Exhibit 22

58. Defendant Gallagan accusation that (Solid State Device Circuit) class was

incorporated into the (Analog Circuit) class is merely an excuse, and ultimately a pretext for Defendants race and color discrimination are the true motivation for Defendant's actions.

59. Plaintiff is military veteran suffering from PTSD and such treatment was painful, disheartening and humiliating to Plaintiff.

60. Defendants Gallagan and Flores concocted accusation that (Solid State Device Circuit) class was incorporated into the (Analog Circuit) class is merely an excuse, and ultimately a pretext for race and color discrimination are the true motivation for their actions.

61. Defendants Sigillo, Flores and Gallagan were negligent in following Miami-Dade County Public Schools District and George T. Baker Aviation School's Adult Student's Code of Conduct that states in part:

Right to Learn

Philosophical Basis:

All student have the right to be involved in their education. Course selection and participation in school activities are an integral of learning.

Students' opinion concerning course materials, content; and relevance are important and deserve analysis and consideration by educators.

Rights:

Students have the right of access to clear curriculum descriptions that will help them to make more informed choices.

Students have the right to participate in challenging and creative academic programs.

Students have the right to study all subjects under competent instructors in an atmosphere free from bias and prejudice.

Responsibilities:

Students have the responsibility for seeking clarification, if necessary ,from informed person in the school.

Students have the responsibility for striving for academic grown by participating to their utmost ability. See Attached Exhibit 24

62. The representation of George T. Baker Aviation School, Miami-Dade County Public Schools District and Board of Education Student Code of Conduct was a implied agreement with Plaintiff that Plaintiff would be in a learning atmosphere free from bias and prejudice.

63. Despite the implied contract between Plaintiff and Defendants George T. Baker Aviation School, Miami-Dade County Public Schools District and Board of Education Plaintiff was deprived of a learning atmosphere free from bias and prejudice in violation of the implied contract.

64. Defendants Mc Evoy, Flores, Sigillo and Gallagan ultimately denied Plaintiff the right to participate in a program receiving federal funds under Title VI because of discrimination and disparate treatment in Defendant George T. Baker Aviation School's Avionic Curriculum.

65. Courts have held that schools may not deviate from the express due process

protections established in their student conduct code, whether they are public or private institution, as such deviation would violate the implied contractual interest of the student.

66.  Defendants  Mc Evoy, Flores, Sigillo and Gallagan actions were intentional, willful, wanton  and  malicious.

67.  On or approximately December 13th , 2011  Plaintiff  received  his  (Tuition Deferment )  for (Year –Term  2011-2) projected  Pell  award  of $1,500.00  from Defendant  Mc Evoy.      See  Attached  Exhibit  25

68.  January  10th 2012, Plaintiff  received  a (Tuition  Deferment)   projected Pell/Book award  of $200.00  for  the  2011-2  trimester.    Plaintiff authorized Registration/Business  office  that $65.87  be  deducted  from  the $200.00 award. See Attached  Exhibit  26      Plaintiff's  book  receipt  showed  account  balance  of $7,286.82.   See  Attached  Exhibit  27

69.  On  or  about  January  24th, 2012  Plaintiff  received  a  Financial  Aid  Award Letter  dated  2011-1  academic  year  for $1,915.00  from  Defendant  Mc Evoy. See Attached  Exhibit  28

70.  One  of  the  most  egregious  act  by  Defendant  Mc Evoy  was  on  or  about February  3rd , 2012  when  Defendant  Mc Evoy, called  Plaintiff and  left  a message  on  the  answer  machine  stating  " I  checked  your  hours  there  was  huge different  from  the  280.25  that  I  told  you.  I  checked  your  hours again you  have

415.25 which is huge different." Plaintiff received his financial aid check for $33.69 approximately(6) six months after Plaintiff registered for (Year-Term 2011-1).

71. Defendant Mc Evoy action was intentional demoralization and meant to intentionally infliction emotional distress on Plaintiff who was already suffering from PTSD. Defendant Mc Evoy knew or should have known withholding of funds that were allocated to Plaintiff was larcenous and when performed by state actor was in violation of Plaintiff's equal protection constitutional rights.

72. Plaintiff tried to resolve the problem with Ms. Mc Evoy, the Financial Aid Officer, but Defendant Mc Evoy, refused to make the proper correction even afer, the problem was discovered that Plaintiff's attendance hours from the evening class was not combined with Plaintiff's attendance hours from the morning class.

73. Defendant Mc Evoy knew or should have known withholding of funds that were allocated to Plaintiff was larcenous and when performed by state actors in violation of Plaintiff's equal protection constitutional rights.

.

74. Plaintiff discovered through National Student Loan Data System (NSLD) that George T. Aviation Schools received a disbursement of $2,567.00 for award year 2011-2012. See Attached Exhibit 29

75.   Defendant Mc Evoy, told Plaintiff on several occasion when  Plaintiff inquired about his financial aid refund that she couldn't disburse the funds until Plaintiff had 240-260 class hour and Plaintiff had to keep up with his own class hours.

76.   Defendant Mc Evoy, failed to provide Plaintiff with any George T. Baker Aviation School, Miami-Dade County Public School District and Board of Education's policy that states the student is required to keep track of his or her own school hours and attendance.

77.   Plaintiff discovered after contacting several Miami-Dade County Public Technical Schools financial aid officers and was informed that, financial aid refunds are disbursed after, a 150 class hours which is approximately (1) month and (2) week attending class full-time.

78.   Defendant Mc Evoy knew or should have known that such disparate treatment was a violation of Plaintiff's rights to equal protection when performed by a actor under color of state law.

79.   On or about April 3rd, 2012 Plaintiff received his (Tuition Deferment) from  Defendant Mc Evoy.   Plaintiff projected Pell  award was $864.00 for the 2011-3 trimester. See Attached Exhibit 30

80.   Subsequently, on or about April 5th, 2012 approximately (3) three months after  Plaintiff  registered for (Year-Term 2011-2 Plaintiff asked  Defendant Mc

Evoy, about his financial aid award. "Ms. Mc Evoy stated to Plaintiff I can't tell you when you would be receiving your (Pell Award) refund right now."

81. Plaintiff had seen other non (African American with their (Pell Award) refunds. Also Defendant Mc Evoy had placed a list on the board in alphabet order telling students to pick-up their refunds.

82. Plaintiff contacted the Miami-Dade County Public School District on or about April 5th, 2012. Appointment was made by Miami-Dade County Public School District's representative for Plaintiff to meet with the Principal of George T. Baker Aviation Schools Defendant Gallagan.

83. On or about April 10th, 2012 Plaintiff attended a conference with George T. Baker Aviation Schools Principal Defendant Gallagan and Assistant Principal Defendant Sands .

84. During the conference Defendant Gallagan , accused Plaintiff of fraud for receiving a passing grade for (Solid State Device Circuit) a class Plaintiff never taken. See Attached Exhibit 31

85. This is the same class Defendant Gallagan had already told Plaintiff that it had been incorporated into the (Analog Circuit) class. See Attached Exhibit 14,19,20

86. "Plaintiff told Defendant Gallagan, that he had no knowledge of having a grade for a class he never taken". George T. Baker Aviation School's Adult

Student Code of Conduct states in part:

Grades:

Philosophical Basis:

Rights:

Student have the right to be informed of the teacher's grading criteria, which is consistent with district guidelines, at the beginning of each grading period.

Student have the right to achieve academic success based upon their own initiative and ability without interference from others.

Responsibilities

Student have the responsibility for asking teachers in advance of a graded assignment for an explanation of any grading criteria or practice which they may question or which may need clarification.

Student have the responsibility for earning grades based upon their performance while guarding against cheating by other students.

87.   Plaintiff states that even if the (Solid State Device) class was incorporated into (Analog Circuit) class, the avionic curriculum states (Digital Circuits) and (Microprocessor) are prerequisite to ( Analog Circuit) class.

88.   The covenant of good faith and fair dealing requires that neither contracting party do anything that will injure the right of the other to receive the benefit of their agreement.

89.   Defendant Gallagan knew or should have known that to bring up refuted allegation during a conference  by state actor was violating Plaintiff's right to

24

due process and rights under state and federal law, right under fourteenth amendment and under 42 USC 1983. Also Defendant Gallagan should have known that such remarks to Plaintiff was slanderous.

90. The actions by Miami-Dade County Public School District individual agents were intentional and placing Plaintiff in a coarse he was not qualified to take was despicable to oust Plaintiff out of school for academic performance, because academic decisions are more difficult to challenge in court than disciplinary decision.

91. Defendant Gallagan , told Plaintiff during the conference that "we aren't going to stop registration just to issue your Pell award".

92. Plaintiff was being disrespected and treated unfairly by Defendant Gallagan.

93. Defendant Gallagan's conduct violated the adult student code of conduct and was unethical and unmoral; Defendant Gallagan had a responsibility to treat Plaintiff with dignity.

94. Defendant Gallagan knew or should have known that Plaintiff's rights under Title VI was being violated and such actions taken under State law by state actors, are especially serious constitutional rights deprivation.

95. Finally, Defendant Gallagan stated to Plaintiff that Defendant Mc Evoy, said that you should receive your Pell award during the next batch of checks.

96.   Defendant Miami-Dade County Public School District individual agents action willing, intentional, and with malice or reckless indifference to Plaintiff federally protected rights.   The withholding of Plaintiff's refund check by the school officials were so deliberately it were widely known and being conspiratorially and intentionally done.

97.   Registration for (Year-Term 2011-3) ended approximately April 19th,2012. Plaintiff received  a hand written check for $652.00 dated May 14th,2012 from George T. Baker Aviation School's cashier office on or about May 15th, 2012. See Attached Exhibit 32

98 .  After Plaintiff received his Pell ward and noticed  the amount, he immediately he went right  next  door to Defendant Mc Evoy's office.

99.   When Defendant  Mc Evoy noticed  Plaintiff standing  outside  her  office she immediately placed a close sign on her door and closed it.

100.   Plaintiff contacted Miami-Dade County Schools Board  of  Education's representative again, or  about  May 16th, 2012.

101.   Plaintiff was told that Defendant Pamela  Johnson  Miami-Dade County Public Schools Area Supervisor would call him.

102.   On or approximately May 17th, 2012 Defendant Johnson contacted Plaintiff. Plaintiff  explained to Defendant Johnson the problems he was encountering at the  school.

103.   Defendant Johnson made an appointment for her and Plaintiff to meet with George T. Baker Aviation School's Principal Defendant Galagan, on or about May 24th, 2012.

104.   At the conference Defendant Galagan, had Defendant Mc Evoy and the union shop steward were present.

105.   During the conference Defendants Galagan and Ms. Mc Evoy failed to provided any documents regarding the issues that Plaintiff was complaining about at the conference.

106.   Defendant Galagan continued to suggest that (Solid State Circuit) class was incorporated into the (Analog Circuit) class but, never gave Plaintiff and Defendant Johnson a reason why the other perquisite classes were skipped.

107.   If a student is a degree or certificate candidate, he expects to be offered curriculum which, if completed satisfactorily, will lead to the degree and not be subjected to an arbitrary curriculum.

108.   Defendant Miami-Dade County Public Schools District individual agents were grossly negligent in its failure to administer the Board and District's policies.

109.   And Plaintiff informed Defendant Galagan, about being deliberately distracted by others in the classroom whenever he was trying to take a test.

Along with that Plaintiff told Defendant Galagan about being shadowed whenever he went to the bathroom.

110.    Defendant Galagan, never asked Plaintiff when the incidents occurred or was the instructor informed.

111.  Defendants Miami-Dade County Public School District and its individual agents ignored and / or rejected Plaintiff's complaint regarding the racially hostile environment within the school.

112.    Despite notice the Miami- District County Public Schools District and its employee have failed to take necessary and appropriation steps to end racial discrimination and stereotyping of Plaintiff.

113.  Defendants  Miami-Dade County Public School District and its individual agents failed to adequately discipline employees and students known to have violated the Miami-Dade County Schools Board's harassment/discrimination policy which states: See Attached Exhibit 33

School Board Rules 6Gx13-5D-1.10, 6Gx13-4A-1.01 and 6Gx13-4A-1.32 prohibit harassment and/or discrimination against a student or employee on the basis of gender, race , color, religion, ethnic or national origin, political beliefs, marital status, age sexual orientation, social and family background, linguistic preference or disabilities.

114.  Defendant Gallagan, was the Principal of George T. Baker Aviation School. He bore a duty to properly supervise employees to discipline and correct

unconstitutional acts, to take appropriate remedial action to prevent unconstitutional acts, and to make hiring decision to help avoid a racist educational environment.

115. Defendants Galagan and Mc Evoy provided no information regarding why Plaintiff received (33.69) Pell award refund approximately (6) six months after he registered for (year-term 2011-1).

116. Also Defendants Gallagan and Mc Evoy had very limited documentation about Plaintiff's complaint of only receiving $652.00 from (Year-Term 2011-2).

117. Further, Defendant Galagan and Ms. Mc Evoy failed to provide any (Sign In Sheet) with Plaintiff's signature, date, time, and actual amount of time Plaintiff spent in classes.

118. Finally, after Defendant Gallagan, refused to correct Plaintiff's Pell Awards for (year –term 2011-1) and (Year- Term 2011-2) and provide the curriculum for the avionic program, " Plaintiff told Defendant Gallagan, since we are not getting anywhere with this I'm finished here." Also Plaintiff told Defendant Gallagan that he was discriminating against him; Defendant Gallagan made no response.

119. Courts have held that schools may not deviate from the express due process protections established in their student conduct codes whether they are public or private institutions, as such deviation would violate the implied contractual interest of the student.

120.   On  or about  June 2012  Plaintiff  contacted  Defendant  Johnson  and  informed
her  that  he  had  found  documents  of  his Pell Award  to  prove  that  was suppose  to
receive  $1.915.00  for  (Year-Term  2011-1)  but  received  a handwritten  check  for
$33.69.     Also     Plaintiff     informed     Defendant  Johnson  that  he  have  an  avionics
syllabus.  See  Exhibit  15-21

121.   Approximately,  June  18th , 2012,  Plaintiff   met  with  Defendant  Johnson  and
gave  her  the  documents.     Defendant  Johnson,  told  Plaintiff  that  she  would
be  having  a meeting  with  Defendant  Gallagan,  next  week  and  she  would
contact  him  after  the  meeting.

122.   Defendant  Johnson  contacted  Plaintiff  on  or  about  June  26th 2012  and  told
Plaintiff  that  she  showed  the  documents   to  Defendant  Gallagan  and  " he  said
that  you  are  not  going  to  get  anymore  money."

123.   Defendant,  Ms.  Johnson  told   Plaintiff  that  Defendant  Mc Evoy  said  he
had  (4)  four  years  of  eligibility  for  Pell  financial  aid  which  was  a  deliberately
lie,  Plaintiff's  eligibility  ran  out  when  the  new  law  went  into  effect  on  July  1st ,
2012.  See  Attached  Exhibit  34

124.     Plaintiff  requested  a copy  of  Defendant  Johnson's  report  to  her
supervisor  about  his  complaint.  Ms.  Johnson  stated  to  Plaintiff  that "I  can't
because  no  report  is  really  being  made".

125.  No  eleventh  amendment   immunity  with  regard  to  discrimination  is  available

to recipient of federal funding for any of its education funding.

126.    Defendants Miami-Dade County Public School District, George T. Baker Aviation and Miami –Dade County Board of Education as a master of federal law are liable for intentional acts resulting in racial discrimination for official policies and custom fostering racial discrimination within the school customs and persistent practice creating the same result for deliberately indifferent training proximately causing Plaintiff injuries and for decision made by official with final decision making authority resulting in racial discrimination within the District.

127.    Defendants Miami- Dade County Public School District, George T. Baker Aviation School and Miami-Dade County Board of Education are also liable under 42 USC 1983 for deliberate indifference in it's failure to adopt appropriate policies and training to prevent racial discrimination.

128.    Under  federal law Defendants Johnson, Gallagan, Sands, Morales, Board of Education and Miami-Dade County Public School District are liable under 1983 for direct acts of racial discrimination and under a theory of supervisory liability for recklessness, gross negligence, and/ or deliberate indifference of failure on supervising  District's employees disciplining and correcting acts of racism taking  appropriate remedial to combat racial discrimination, and making appropriate hiring decision to alleviate the hostile educational environment that existed at George T. Baker Aviation School.

129.    To  establish  personal liability  in   a  section 1983 action, the   plaintiff

31

need only show that the supervisor, acting under color of state law caused the deprivation a constitutional right.

130.   The plaintiff must prove more in an official capacity action.   Because the suit is really against the governmental entity, itself is a "moving force" behind the violation.    The plaintiff must show that the entity's policy or custom" played a part in deprivation of constitutional rights.

131.   In a personal capacity suit the supervisor may be able to asset the affirmative defense of qualified immunity.    The officials would have to prove that they reasonable relied on existing law for justification for their action.

132.   Defendants Gallagan, Sands, Morales, Flores, Smith, Sigillo, McEvoy and Johnson actions were and outrageous all bound of decency so as to be deemed utterly intolerable in a civilized community their action were intentionally or recklessly caused aggravation to Plaintiff's PTSD condition and caused Plaintiff to suffer severe additional psychological emotional distress and mental anguish with a need to seek professional mental help .

133  Their action will have arouse resentment in an average member of the community and cause Plaintiff to exclaim.

134.   Contractual relationship begin when the institution accepts the student's application for admission.

135.   On or about August 13th , 2012 Plaintiff mailed a $5.00 money order and request for transcript to George T. Baker Aviation School to be sent to Miami-Dade College.   The request was sent by U.S. Priority Mail. George T. Baker Aviation School received the on or about August 14th , 2012 at 3:57 p.m.. See Attached Exhibit 35, 36, 37

136.   Plaintiff received a letter from Miami-Dade College dated September 25th ,2012 indicating that the College couldn't process his financial aid application because they have not received his  transcript. See Exhibit 38,39

137.   That prevented Plaintiff from attending college during the (Fall-Term) at Miami-Dade College.

138.   Defendant George T. Baker Aviation School Adult Students Code of Conduct 2010-2011 states in part:

Student Transcripts


Student must request an official transcript by completing the form located at treasurer office.

The fee is $2.00 for each transcript.  Transcript are printed within 24 hour if the student is in the computer system, if not, an official transcript will take five business days. Official transcripts are mailed to the school/company.
Students may request an unofficial transcript from any registrar, counselor, placement specialist or administrator at no cost. Exhibit 40


139.   Plaintiff states that Defendant George T. Baker Aviation School's Student Request for Transcript procedure failed to advise the student the steps that he or

she need to take if he or she are unable to complete the form located at the treasurer office.

140. The thrust of Plaintiff's complaint regarding the transcript request is the fact that the Adult Student Code of Conduct states that transcripts are printed within 24 hours if the student is the computer system, if not an official transcript will take 5 business days. Plaintiff had a reasonable expectation that his transcript would be electronically forward to Miami-Dade College in a timely manner.

141. It is not enough, however, for a school to go through the motions of enacting a student conduct code. For any such code to have credibility, the institution must abide by it.

142. Upon Plaintiff's observation and belief, that Defendants Miami-Dade County Public School District individual agents and George T. Baker Aviation School did not subject other non African American students to the discrimination which he was subjected to during the period in or about April of 2011 through August of 2012.

143. The action of Plaintiff's request for transcript to be sent to Miami-Dade College and Miami-Dade County Public School District individual agents and George T. Baker Aviation School failure to forward transcript in accordance to School's policy constitute continuing wrong.

144.   During the period of April of 2011 through August of 2012 Plaintiff opposed discrimination against him because of his race, color and made complaint opposition to racial discrimination in a State program in various ways such as complaining about seeing non African American students with their Pell award after the list was placed on the board in alphabetical order.

145.   Defendant Miami-Dade County Public Schools District and individual agents retaliated against Plaintiff for complaint about his Pell award and filing police report for theft.

146.   Plaintiff received $33.69 Pell award from (year- term 2011-1) (6) six months after he registered for the class opposing discriminatory conduct, without an explanation of the amount or delay, contesting his Pell award incorrect amount and opposing Defendant Miami- Dade County Public School District and individual agents failure to follow Student Conduct's policy and Avionic Program curriculum.

147.   Plaintiff's race, color and his opposition to Defendants Miami-Dade County Schools District, George T. Baker Aviation School and individual agents acts of race discrimination in educational, federal funded program were motivating factors in Defendant Miami-Dade County Public Schools District and individual agents treatment of Plaintiff.

148.   Defendant Miami-Dade County Public Schools District and individual agents acts of discrimination and retaliation were willful and intentional. Plaintiff was denied participation in a federally funded program and denied other education

opportunities such as the VRAP Program and has been harmed mentally, psychological, emotionally and financially.

## V.

## CLAIMS FOR RELIEF

### FIRST CLAIM

Pursuant to Federal Financial of Educational Programs 42 USC 2000-d.

149.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 148 of this complaint with same force and effect as though fully set forth herein.

150.   Miami-Dade County Public Schools District System and Board of Education are a recipient of federal funding for educational programs is required to comply with Title VI of the Civil Rights Act of 1964 as specified by 42 USC 2000-d – 4a which includes any agency, public or private, receiving federal funding for any of its educational programs.

151. Compliance with said programs are subject to Judicial Review, pursuant to 42 USC 2000-d-2.

152.  Non-discrimination with regard to race, religion and national origin is required is required under 42 USC 2000-d-6 in all its programs for any agency receiving federal financial assistance for any educational program.

153. No eleventh amendment immunity with regard to discrimination is available to recipient of federal funding for any of its educational funding.

154. Because of Plaintiff's opposition to discriminatory acts that he brought to Defendants Mc Evoy the financial aid officer attention, his police report filed with Miami-Dade County Public Schools Police and his report of the said unlawful acts and conduct to Miami-Dade County Public Schools District. Plaintiff was accused of a trumped up claim that he falsified a grade for a class he never taken by Defendant Gallagan George T. Baker Aviation School Principal. Subsequently, Plaintiff was retaliated against in the most invidious and egregious manner available.

155. Plaintiff was unable to sign the (Sign In Sheet), placed deliberately in the incorrect class eventhough the avionic program curriculum stated which class Plaintiff was supposed to be in, received a financial aid refund check for $33.69 eventhough his projected award was $2775.00 minus $966.00 $ (6) six months after Plaintiff registered for (Year-Term 2011-1), (Year-Term 2011-2) Plaintiff's project award was $1,500.00, Plaintiff received refund of $652.00 (6) six months after, he registered for (Year –Term 2011-2), deliberately allowed other students to distract Plaintiff whenever he was trying to take a test and shadowed whenever he went to the bathroom.


## SECOND CLAIM

Retaliation Under Title VI of Civil Rights Act of 1964 42 USC 2000d.

156.   Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of  the complaint with the same force and as though fully set forth herein. Defendants' acts of discrimination and  retaliation constitute and unlawful discriminatory  practice  within the   meaning under  Title VI.

157. A complainant may bring a retaliation claim under Title VI or under a Title VI regulation that prohibits  retaliation.   For  example, most agency Title VI regulation provide  that no recipient or other person shall intimidate, threaten, coerce, or discriminate  against  any  individual for the purpose of interfering  with any right or privilege secured by [ Title VI, or because  he has made a complaint, testified, assisted, or participate or hearing under this subpart 28 CFR 42.108(e) Department of Justice Regulation.

158. To establish a prima facie case retaliation the investigating  agency must first determine if  complainant can show (1) that he or she engaged in  a protected activity, (2)  that the recipient knew of  the complainant's protected activity, (3) that  the there was a causal connection between the complainant's protected activity and the recipient's adverse actions.


### THIRD  CLAIM

Disparate Treatment Under  Title VI of Civil  Rights Acts 1964 42 USC 2000d.

159.   Plaintiff repeats and  realleges each and every allegation  contained in

paragraph 1 through 148  of  the  complaint with  the same force  and  as  though fully  set  forth  herein.     Defendants  acts  of  discrimination  and  disparate  treatment constitute  and  unlawful  discriminates  practice  and  unlawful  discriminatory  practice within  the  meaning  under  Title  VI.

160.   The  analysis  of  intentional  discrimination  under  Title VI  is  equivalent  to the  analysis  of  disparate  treatment  under  the  Equal  Protection  Cause  of  the Fourteenth  Amendment.

161.    An    intent  claim  alleges  that  similarly  situated  persons  are  treated differently  because  of  their  race,  color  or  national  origin.   To  prove  intentional discrimination,  one  must  show  that  " a  challenged  was  motivated  by  an  intent  to discriminate.
This  requires  a  showing  that  the  decision maker  was  not  only  aware  of  the complainant's race, color,  or  national  origin, but  that  the  recipient  acted,  at  least  in part,  because  of  the  complainant's  race, color, or  national origin.   However, the record  need  not  contain  evidence  of  " bad  faith, ill  will  or  any  evil  motive  on  the part  of  the  recipient.

162.  Applying  the  McDonnell  Douglas  principles  to  a  Title  VI  claim, the investigating  agency  must  first  determine  if  the  complainant can  raise  an  inference of  discrimination  by  establishing  prima facie  case.   The  elements  of  a  prima  facie case  may  vary  depending  on  the  facts  of  the  complaint,  but  such  elements  often include  the  following:

1.  that the aggrieved person was a member of a protected class;

2.  that this person applied for, and was eligible for, federally assisted program that was accepting applicants;

3.  that despite the person's eligibility, he or she was rejected; and,

4.  that the recipient selected applicants of a different race, color and national origin than the complainant or that the program remained open and the recipient continued to accept applications from applicants of a different race, color, or national origin that the complainant.


FOURTH CLAIM

Violation of  Equal Protection Under the  Fourteenth Amendment of United States Constitution.

163. Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and as through fully set forth herein.

.

164.    The Defendants have failed to provided the equal protection of laws to Plaintiff required by the  Fourteenth Amendment of  the United States Constitution.    The student's rights as given by the state of Florida provides that students shall not be unlawfully denied an equal educational opportunity or be unlawfully discriminated against because of race.

165.  The Defendants have allowed Plaintiff an African American student to be unlawfully discriminated against and have failed to provide equal protection to protect Plaintiff as required by state and federal law.   This discrimination has caused the Plaintiff to be denied equal protection.

## FIFTH CLAIM

### Florida State Constitution

166.    The Defendants have engaged in continuing violation of the fundamental right of Plaintiff, under the Florida State Constitution to an education without distinction or preference on account of race.

## SIXTH CLAIM

### Violation of Civil Rights Under 42 USC 1983.

167.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and as through fully set forth herein.

168. At all times material herein the Plaintiff's had a federally protected interest in life, liberty, including freedom from racial discrimination.

169. The Defendants as a matter of federal law, are liable for intentional acts resulting in racial discrimination, for official policies and customs fostering racial discrimination with the school for customs and persistent practice creating the same results for deliberately indifferent training proximately causing the Plaintiff's injuries, and for decisions made by official with final decision making authority resulting in racial discrimination with the District .

170. The Defendants are also liable under 1983 for deliberate indifference in its failure to adopt appropriate policies and training to prevent racial discrimination

171. Under federal law individually named Defendants are liable under 1983 direct act of racial discrimination and under a theory of supervisory liability for recklessness, gross negligence, and for deliberate indifference for failures on supervising District employees, disciplining and correcting acts of racism, taking appropriate remedial action to combat racial discrimination, and making appropriate hiring decisions to alleviate the hostile educational environment that existed in Miami-Dade County Public Schools. Failure of the individual Defendants to prevent known racial discrimination in Miami-Dade County Public Schools also gives rise to liability under 1983.

172. The Defendants, including individual Defendants violated Plaintiff's rights under Section 601 of Title VI of the Civil Rights Act as amended, and the Fourteenth Amendment of the U.S. Constitution.

173. Individual Defendants are also liable for individually perpetrated acts against Plaintiff's depriving him of federally- protected rights.

174. As a direct and proximate result of Defendants' violations of Plaintiff's constitutional rights Plaintiff is entitled to an award of damages, including punitive damages, for Plaintiff's injuries as alleged and for the purpose of punishing such conduct and deterring such conduct in the future.

175. All individual Defendants are sued both in their individual and official capacities.

## SEVENTH CLAIM

### Negligent Failure To Protect Plaintiff.

176.   Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and is through fully set forth herein.

177.   Defendant and their agents, official and employee, including the individual Defendants had a duty to reasonably protect the Plaintiff an African-American student from racial hostility by peer in the Miami-Dade County Public Schools District.

178.   Defendants negligently breached this duty by, inter alia, failing to carry out statutory duties under Defendant Miami-Dade County Public Schools Board of Education   according to proscribed procedures, and by failing to effectively implement rules and regulation proscribed by the District and the Board of Education.

179.   Defendants were grossly negligent in it's failure to administer it own policies in good faith.

180.   Defendants failed to adequately discipline students known to have violated the District's racial harassment policy.

181.  The Defendants failed to discipline or adequately train staff under its control.

182.   As a proximate result of the Defendant's negligence and gross negligence, the Plaintiff's have sustained the injuries complained of herein.

### EIGHTH CLAIM

Negligent Hiring Training and Supervision of Employee and Agents.

183.  Plaintiff repeats  and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and is  through fully set forth herein.

184.   Defendants, had a duty to use reasonable care in hiring, training and supervising its employees and agents.   Defendants negligently breached this duty thereby causing staff and administrators under the District's control, to tolerate and in some situation engage in discrimination against the Plaintiff.  The District failed to discipline or adequately train staff under its control.

185.  Defendants, including the individual Defendants  had a duty to use reasonable care in monitoring evaluating and supervising the instructors, staff  and students ensure that Plaintiff was in a learning  environment free from racial hostility.  Defendants breached  these duties in a negligent manner and as proximate result the Plaintiff's sustained the  injuries  complained of herein.

## NINTH CLAIM

### Respondeat Superior

186.    Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and is through fully set forth herein.

187.    At all times material herein Miami-Dade County Public Schools District exercised control of  the  schools and facilities where  the harassment occurred. The  District had knowledge of  the continuing intentional discrimination and racial harassment within its schools.   Miami-Dade County   Public   Schools District controlled the  actions of  its agents and employees and was deliberately indifferent  to harassment perpetrated  by  administrators, faculty and students under its, and  their control.

188.    The  District at all times relevant controlled the students who engaged in racial harassment within school grounds and  buildings.

189.  The  District through policy and  custom, tolerated discrimination by  its students  and  its agents.

## TENTH CLAIM

### Violation of  Florida Civil Rights Act of  1992

190.  Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 148 of the complaint with the same force and is though fully set forth herein.

191.  Miami –Dade County Schools District and individual Defendants breached the general purpose of  Florida Civil Rights Act of 1992 are to secure all individuals within the State  freedom from discrimination because of race, color, religion, sex, national origin, age, handicap , or martial status and thereby to protect their interest in personal dignity, to make available to the State  their full  production capacities, to secure the State against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote interest, rights and privileges of individual within the State.

## ELEVENTH CLAIM

### Violation of Florida Education Equity Act

192.  Plaintiff repeats and realleges each and every allegation contained in paragraph 1 through 87 of the complaint with the same force and is though fully set forth herein.

193.  (FEEA) prohibits discrimination on  the basis of race, gender, national origin martial status, or handicap against a student or employee.

194. Miami-Dade County Schools District and individual Defendants through their acts and omissions, and all of the allegations aforementioned , have breached Florida Law against discrimination. The Defendants are liable to the Plaintiff's for damages as provided by all applicable statutes of Florida's Law.

## TWELFTH CLAIM

### Breach of   Contract

195.  Plaintiff repeats and realleges each and every allegation contained in
paragraph 1 through 148 of complaint with the same force and is though fully
set forth herein.

196.   To state a claim for breach of contract under Florida Law, a Plaintiff
must allege: (1) the existence of contract; (2) a material breach of that contract;
and (3) damages resulting from the breach.

197.  The Defendants' Adult Students Code of Conduct states in part  that
transcript printed within 24 hour if the student is in the computer system, if not
an official transcripts will take five business days.  Official transcript are mailed
to the school/company,

198.  Respect For Person and Property

     Philosophical Basis

 Students have an obligation to assume responsibility for their own action
regarding respect for other person and their property. The school must provide a
climate which fosters respect for person and property.

     Rights:

Students have the right to be treated with courtesy and respect.

Students have the right to have their property respect by other students and
school personnel.

Students have the right to expect safe condition at school.

Students have the right to not be subjected to harassment of any kind including
sexual harassment,

199. Right to Learn

   Philosophical Basis:

All student have the right to be involved in their education.  Course selection and participation in school activities are an integral of learning.


Students' opinion concerning course materials, content; relevance are important and deserve analysis and consideration by educators.


Rights:


Students have the right of access to clear curriculum descriptions that will help them to make more informed choices.

Students have the right to participate in challenging and creative academic programs.

Students have the right to study all subject under competent instructors in an atmosphere free from bias and prejudice.


200. The representations and promises sufficiently specific so that Plaintiff had a reasonable expectation that his transcript would be mailed to Miami-Dade College within five business days.

201. Despite the Defendants' Adult Students Code Conduct Plaintiff was denied benefits in accordance with Defendants' policy.


202. Defendants action were intentional, willful wanton, and malicious.

THIRTEENTH CLAIM

Breach  of Covenant of Good Faith  and Fair Dealing

203.    Plaintiff repeats  and realleges each  and every allegation contained  in paragraph l through  148  of complaint  with  the  same  force  and  is  though fully  set forth  herein.

204.    " Under  Florida  Law,  every  contract  contain an  implied  covenant of  good faith  and  fair  dealing."

205.    Nonetheless,  a  breach  of the  implied  covenant is  not  an  independent  cause of action,  but  attaches  to  the  performance  of  a  specific  contractual  obligation."

206.  An  action  for  breach  of   the  implied  covenant of  good  faith  cannot  be maintained  (under  Florida  Law)  in  the   absence  of  breach  of  an  express  contract provision").

207. "  To  allege  a  breach  of  implied  covenant,  the  party  must  demonstrate  a failure  or  refusal  to  discharge  contractual  responsibilities,  prompted  not  by  an honest  mistake,  bad  judgment  or  negligence;  but,  rather by  a  conscious  and deliberate  act,  which  unfairly  frustrates  the  agreed  common  purpose  and disappoints  the  reasonable  expectations  of  the  other  party  thereby  depriving  that e
party  of  the  benefits  of  the  agreement.

FOURTEENTH CLAIM

Intentional Infliction of Emotional Distress

208. Plaintiff repeats and realleges each every allegation contained in paragraph 1 through 148 of complaint with the same force and fully set forth herein.

209.     Defendant Miami- Dade County Public Schools District and individual Defendants actions were and outrageous beyond all bound of decency so as to be deemed utterly intolerable in a civilized community and the Defendants intentionally or recklessly caused the Plaintiff to suffer severe emotional distress. The reciditation of Defendant's actions will arouse resentment in an average member of the community and cause him to exclaim outrageous .

Florida law recognizes the tort of intentional infliction of emotional distress. To state a course of action for intentional infliction of emotional distress, a complaint must allege four elements:( 1 ) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused emotional distress; and (4) the distress was severe.

In order to satisfy the requirement for outrageous conduct a plaintiff must alleges that the defendant's conduct was so " outrageous in character and so extreme in degree, as to beyond all possible bounds of decency" and further that it would be regarded as atrocious, and utterly intolerable in a civilized society."

FIFTHTEENTH  CLAIM

Defamation  Libel/ Slander

210.   Plaintiff  repeats  and  realleges  each  every  allegation  contained  in  paragraph

1  through  148  of  complaint  with  the  same  force  and   fully  set  forth  herein.

211.   Element  of  Libel  and  Slander

1.   First  the  plaintiff  must  prove  that  the  Defendant  made  a  false  and
   defamatory  statement  concerning  the  Plaintiff.

2.   Second,  the  plaintiff  must  prove  that  the  defendant  made  an  unprivileged
   publication  to  a  third  party.

3.   Third  the  plaintiff  must  prove  the  publisher  acted  at   least  negligently  in
   publishing  the  communication.

4.   Fourth, in  some  cases,  the  plaintiff  must   prove  special   damage.

Publication  Requirement

Another  requirement  in  libel  and slander  cases  is  that  the  defendant  must

have  published  defamatory  information  about  the  plaintiff. ”  Publication

certainly  includes  traditional  forms,  such  as  books,  newspaper  and

magazine, but  also  includes  oral  remarks,  a  streaming   audio  clip  on  the  in

this  context.   So  long as   the  person to whom  a  statement  courts  will

generally  find  that  the  statement  has  been  published.

## VI. DAMAGES

As a direct and proximate result of Defendant Miami-Dade County Public Schools District and individual defendants intentional reckless, discriminatory, retaliatory and negligent conduct Plaintiff African- American student have sustained injuries to post- traumatic stress, humiliation, emotional anguish, loss of educational opportunities, loss of dignity, loss of enjoyment of life and general damages presently unknown.   As a result of Defendant Miami-Dade County Public Schools District and individual Defendant's action, omission and negligence, the Plaintiff have suffered economic loss and other general and special damages which will be proven at the time of trial.   The Plaintiff has additionally sustained damages, including damages, for destruction of family relationship.

WHEREFORE, based on the foregoing, the Plaintiff prays for judgment against the Defendants for punitive damages as allowed by law and costs incurred in maintaining this action and for pre-judgment interest and for such other and further relief as the Court deem just.

The Plaintiff respectfully request the Court to:

1. Enter an order declaring that the conduct of the Defendants as described above violated the Plaintiff's rights under Title VI of the Civil Rights Act of 1964 ("Title VI") 42 U.S.C Section 2000(d) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, Student

rights to agree and appropriate public education without discrimination under the Florida State Constitution;

2. Enter an order permanently enjoining Defendants from committing similar unlawful acts in the future;

3. Award the Plaintiff compensatory damages for past and future extreme embarrassment humiliation, mental anguish, pain and suffering emotional distress, and other non- pecuniary loses arising from Defendant Miami-Dade County Public Schools, Board of Education and individually Defendants violation of Plaintiff's rights under Title VI of the Civil Right Act of 1964 (Title VI) 42 U.S.C. Section 2000d and Retaliation and Disparate Treatment under Title VI of Civil Right Act of 1964 42 USC 2000d in the amount of $10,000,000,00;

4. Award the Plaintiff compensatory damages for past and future extreme embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, and other non –pecuniary loses arising from Defendant Miami-Dade County Public Schools District, Board of Education and individually Defendants in their official capacity violation of Plaintiff's rights to Equal Protection under the U.S. Constitution, in an amount to be determined at the time of trial;

5. Award the Plaintiff exemplary and punitive damages for past and future extreme embarrassment, humiliation, mental anguish, pain suffering, emotional

distress, and other non-pecuniary loses arising   from Defendant Miami-Dade County Public  Schools District, Board of  Education and individually Defendants violation of Plaintiff's Civil  Rights under  42 USC  1983 and   in  the amount of  $100,000,000.00;

6.   Award  the Plaintiff compensatory   damages for past  and future extreme embarrassment humiliation, mental anguish, pain and  suffering emotional distress, and  other non- pecuniary loses arising from Defendant Miami- Dade County Public School District, Board of  Education and  individually Defendants in their  official capacity   violation of  Plaintiff's rights to Due  Process under the U.S. Constitution in an amount to be  determined at  the time of time;

7.   Award  Plaintiff compensatory  damages for  past and  future extreme embarrassment, humiliation,  mental anguish , pain and   suffering, emotional distress, and  other non-pecuniary loses arising from Defendant Miami-Dade County Public Schools District, Board of  Education and individually  Defendants violation of  Plaintiff's rights under  Florida Civil Right Act of 1992 and  Florida Education Equity Act in the amount  to be  determined at trial;

8.   Award  Plaintiff compensatory  damages for past and future extreme embarrassment, humiliation, mental anguish, pain and  suffering, emotional distress, and  other non-pecuniary loses arising from Defendant Miami-Dade County Public Schools District, Board of  Education and individually Defendants  Breach of Contract and  Breach of  Covenant Good Faith and Fair Dealing  with  Plaintiff  in

the amount to be determined at trial;

9.    Award Plaintiff compensatory damages for past and future extreme embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, and other non-pecuniary loses arising from Defendant Miami-Dade County Public School District, Board of Education and individually Defendants in their official capacity  Negligent Failure to Protect Plaintiff, Negligent Hiring Training and Supervisor of Employees and Agents and Respondeat in the amount to be determined at trial;

10.    Award the Plaintiff all other relief that is just and appropriate under the circumstances.

Respectfully submitted,

Michael D. Arrington Plaintiff/Pro se
17th Court Street
Miami, Florida 33167
(857) 615-6932